IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
    *Plaintiff,*

v.       No.
    **JURY TRIAL DEMANDED**

**LUIS GONZALES,**
**U.S. DEPARTMENT OF HOMELAND**
**SECURITY, U.S. CUSTOMS AND BORDER PROTECTION,**
**AND U.S. BORDER PATROL.**
    *Defendant.*

## PLAINTIFFS' ORIGINAL COMPLAINT

**COMES NOW** the Plaintiff, Deborah Osborne, by and through counsel of record, Law Offices of Samuel I. Kane, P.A. (Samuel I. Kane) and Moss Legal Group, PLLC (M. Mitchell Moss) and for her Original Complaint hereby states:

### A. PARTIES

1. Plaintiff, Deborah Osborne, an individual, is a citizen of the State of New Mexico residing in Otero County, New Mexico.

2. Defendant, Luis Gonzales, is a citizen of the State of Texas, County of El Paso. At the time of incident which is the subject matter of this case Defendant was an on-duty Border Patrol Officer acting in the course and scope of his duties who may be served with process at 4649 Loma De Indios LN, El Paso, Texas, 79934, or at any other address where he may be found.

3. The Department of Homeland Security (hereinafter "DHS") is a cabinet department of the United States federal government with responsibility for, among other things, control over United States Customs and Border Protection and United States Border Patrol.

4. United States Customs and Border Protection (hereinafter "CBP") is a federal law enforcement agency within DHS. CBP officers were the supervisors of US Border Patrol as they are a division of CBP.

5. United States Border Patrol (hereinafter "BP") is a security force within CBP. Border Patrol officers were supervising and in control of Defendant Gonzales at the time of the incident.

### B. JURISDICTION

6. This Court has jurisdiction over the lawsuit under 28 U.S.C § 1346(b)(1) because this case involves a civil action against the United States and its employee, for money damages, accruing on and after January 1, 1945, for injury, or personal injury or death caused by the negligent or wrongful act or omission of Defendant Gonzales, an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

7. Plaintiff previously submitted her claim to Defendants as required by 26 U.S.C. § 2675 and such claim was finally denied as reflected in correspondence dated May 14, 2019, attached hereto as Exhibit A. Suit has been timely filed.

### C. VENUE

8. Venue is proper in this district under 28 U.S.C. § 1402(a)(1) because Plaintiff Deborah Osborne at all material times was a resident of Otero County, New Mexico. Moreover venue is proper under 28 U.S.C. § 1402(b) because all acts and omissions which form the basis of this Original Complaint occurred in Otero County, New Mexico.

### D. FACTS

9. This lawsuit results from a vehicle-pedestrian collision that occurred on June 26, 2018, in Alamogordo, Otero County, New Mexico at the intersection of East 10th Street and Oregon Avenue.

10. At the time of the accident Deborah Osborne was walking South on Oregon Avenue at the intersection of Oregon Ave. and 10th Street and she had the right-of-way as she was walking in a designated crosswalk with flashing indicators. Meanwhile Defendant, Luis Gonzales, while in the course and scope of his employment as an employee of the USBP, was driving a USBP marked vehicle displaying a DHS license plate number 2706276 travelling East on 10th St. at the Intersection of Oregon Ave. and 10th St.

### E. COUNT 1 - NEGLIGENCE

11. At all times relevant to the allegations of this Complaint Defendant Gonzales had a duty to act as a reasonable and prudent driver and exercise reasonable care in the operation of his vehicle. Defendant Gonzales breached this duty and was negligent, such negligence including but not limited to the following:

    a. Failing to timely apply his brakes;
    b. Failing to maintain a proper lookout;
    c. Take evasive action to avoid colliding with a pedestrian;
    d. Driving his vehicle at an excessive rate of speed under the circumstances;
    e. Careless driving;
    f. Failing to yield to a pedestrian with the right of way.

12. As a direct and proximate result of Defendant Gonzales' negligence, Plaintiff suffered injuries and damages, which include, but are not limited to, the following:

a. Physical pain and mental anguish in the past and future.

b. Lost earnings.

c. Lost earning capacity.

d. Disfigurement.

e. Physical impairment in the past and future.

f. Medical expenses in the past and future.

g. Loss of enjoyment of life.

### F.  COUNT 2 – NEGLIGENCE *PER SE*

13. Plaintiff realleges and incorporates all preceding allegations contained in this Complaint as fully set forth herein.

14. At the time of the accident, Agent Gonzales was operating his vehicle in violation of New Mexico statutes and ordinances.  Agent Gonzales was cited for two violations, however, pursuant to New Mexico law he violated other Traffic laws including, but not limited to:

    a. Careless Driving.

    b. Fail to Yield to Pedestrians Right of Way.

    c. Speeding.

    d. Failing to keep a proper lookout.

    e. Due Care Collision.

15. Agent Gonzales' violation of existing statutes and ordinances in effect at the time of the subject accident constitutes negligence *per se* and proximately caused injuries and damages to Deborah Osbourne.

### G.  COUNT 3 – RESPONDEAT SUPERIOR

16. Plaintiff realleges and incorporates all preceding allegations contained in this Complaint as fully set forth herein.

17. At all times material to the allegations contained herein Defendant Gonzales was acting in the course and scope of his employment for the United States Border Patrol through US Customs and Border Protection by and through The Department of Homeland Security.  Under the doctrine of respondeat superior, The Department of Homeland Security, US Customs and Border Protection, and US Border Patrol are liable for the acts and/or omissions of Defendant Gonzales.

### H.  COUNT 4 – NEGLIGENT HIRING, TRAINING, SUPERVISION, and ENTRUSTMENT

18. Department of Homeland Security (DHS), US Customs and Border Protection (CBP) and United States Border Patrol (USBP) were negligent in hiring, training, supervising, and in entrusting a vehicle to Agent Gonzales.  DHS, CBP and USBP failed to reasonably qualify Agent Gonzales prior to hiring him; failed to reasonably train Agent Gonzales before allowing him to drive; failed to reasonably supervise Agent Gonzales while operating vehicles; and negligently entrusted Agent Gonzales with a vehicle.

19. DHS, CBP and USBP negligent hiring, training, supervising, and entrustment proximately caused Plaintiff's injuries and damages.

### I.  DAMAGES

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages, which include, but are not limited to, the following:

    a. Physical pain and mental anguish in the past and future.

    b. Lost earnings.

    c. Lost earning capacity in the past and future.

      d. Disfigurement in the past and future.

      e. Physical impairment in the past and future.

      f. Medical expenses in the past and future.

      g. Loss of enjoyment of life.

21. Plaintiff also seeks to recover all damages, prejudgment interest, post judgment interest, and court costs.

## J. **JURY DEMAND**

K. Plaintiff Deborah Osborne hereby requests a trial by jury in connection with this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## L. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Deborah Osborne, pray that Defendants Luis Gonzales, Department of Homeland Security, US Customs and Border Protection, and United States Border Patrol, be cited to appear and answer herein, and this cause be set for trial before a jury, and Plaintiffs recover judgment of and from Defendants for her damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment and post-judgment interest, and for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled, and for any and all other relief this Court deems appropriate.

Respectfully Submitted,

*/s/ M. Mitchell Moss*
Mitchell Moss
NM Bar #7477
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
Main: 915.703.7307
Direct: 915.703.7308
Fax: 915.703.7618


*/s/ Samuel I. Kane*
Samuel I. Kane
NM Bar #21790
1018 E. Amador Ave.
Las Cruces, NM 88001
(575) 526-5263
(575) 647-5264 Fax