# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
　　*Plaintiff,*

v.　　　　　　　　　　　　　　　　　　No. 2:19-cv-00588-CG-GJF
　　　　　　　　　　　　　　　　　　　　Hon. Judge Carmen E. Garza

**UNITED STATES OF AMERICA**
　　*Defendant.*

## PLAINTIFFS' AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Deborah Osborne, by and through counsel of record, Law Offices of Samuel I. Kane, P.A. (Samuel I. Kane) and Moss Legal Group, PLLC (M. Mitchell Moss) and for her Amended Complaint hereby states:

### A. PARTIES

1. Plaintiff, Deborah Osborne, an individual, is a citizen of the State of New Mexico residing in Otero County, New Mexico.

2. Defendant UNITED STATES OF AMERICA is a governmental entity and may be served with process by serving the Attorney General of New Mexico, Hector Balderas, or an assistant United States Attorney or a clerical employee designated by the U.S. Attorney to accept service at 408 Galisteo Street, Villagra Building, Santa Fe, NM 87501 by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney General to include a copy of the summons and complaint.  Pursuant to FRCP 5.5.1, Defendant THE UNITED STATES OF AMERICA will also be served with process by serving the U.S. Attorney General by registered or certified mailed addressed to U.S.  Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530 to include a copy of the summons and complaint.

## B. JURISDICTION

3. This Court has jurisdiction over the lawsuit under Federal Tort Claims Act, 28 USC 2671, et seq. and 28 U.S.C § 1346(b)(1) because this case involves a civil action against the United States and its employee, for money damages, accruing on and after January 1, 1945, for injury, or personal injury or death caused by the negligent or wrongful act or omission of Defendant Gonzales, an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4. Plaintiff previously submitted her claim to Defendants as required by 26 U.S.C. § 2675 and such claim was finally denied from U.S. Customs and Border Protection, Department of Homeland Security, as reflected in correspondence dated May 14, 2019, attached hereto as Exhibit A.  Suit has been timely filed.

## C. VENUE

5. Venue is proper in this district under 28 U.S.C. § 1402(a)(1) because Plaintiff Deborah Osborne at all material times was a resident of Otero County, New Mexico.  Moreover venue is proper under 28 U.S.C. § 1402(b) because all acts and omissions which form the basis of this Original Complaint occurred in Otero County, New Mexico.

## D. FACTS

6. This lawsuit results from a vehicle-pedestrian collision that occurred on June 26, 2018, in Alamogordo, Otero County, New Mexico at the intersection of East 10th Street and Oregon Avenue.

7. At the time of the accident Plaintiff Deborah Osborne was walking South on Oregon Avenue at the intersection of Oregon Ave. and 10th Street and she had the right-of-way as she was

walking in a designated crosswalk with flashing indicators.  Meanwhile Defendant United States (U.S. Customs and Border Protection, Department of Homeland Security), Agent Luis Gonzales, while in the course and scope of his employment as an employee of Defendant United State of America, was driving a U.S. Border Patrol marked vehicle displaying a DHS license plate number 2706276 travelling East on 10th St. at the Intersection of Oregon Ave. and 10th St.

### E.  CAUSE OF ACTION FEDERAL TORT CLAIMS ACT

8. Said collision and Plaintiff's damages were proximately caused by Defendant United States employee's violation of the laws of the State of New Mexico and of the United States of America constituting negligence per se.

9. Defendant United States owed a duty of reasonable degree of care to Plaintiff.  Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant United States of America and Agent Gonzales in the course and scope of his employment with Defendant United States arising from one or more of the following alternative theories of negligence: Plaintiff asserts the theory of Respondents Superior of Defendant United States.

   a) Failure to keep a proper lookout;
   b) Failure to maintain an assured, clear stopping distance between the vehicle and pedestrian;
   c) Failure to use due care in operating a motor vehicle;
   d) Failure to safely apply brakes to avoid a collision;
   e) Failure to turn to the left or right to avoid a collision;
   f) Failure to warn of his approach;

    g) Failure to take proper evasive action;

    h) Failure to pay attention;

    i) Failure to keep a proper lookout;

    j) Other acts of negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was a proximate cause of Plaintiff's damages.

10. Defendant United States' acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstance. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

    a) That on June 26, 2018, Defendant United States was negligent by entrusting control and operation of the motor vehicle which was under their ownership and control to Agent Gonzales;

    b) Other negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was proximate cause of Plaintiff's damages.

### F. NEGLIGENCE OF AGENT GONZALES

11. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Agent Gonzales:

    a) Failure to keep a proper lookout;

    b) Failure to maintain an assured, clear stopping distance between the vehicle and pedestrian;

    c) Failure to use due care in operating a motor vehicle;

    d) Failure to safely apply brakes to avoid a collision;

    e) Failure to turn to the left or right to avoid a collision;

    f) Failure to warn of his approach;

    g) Failure to take proper evasive action;

    h) Failure to pay attention;

    i) Other negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was proximate cause of Plaintiff's damages.

## G. DAMAGES OF PLAINTIFF

12. As a result of the occurrence, Plaintiff suffered severe bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

13. As a result of the occurrence, Plaintiff has lost income in the past and has incurred lost future wage earning capacity. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered and will continue to suffer disfigurement. Plaintiff has suffered damages within the jurisdictional limits of this Court.

## H. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Deborah Osborne, prays that Defendant, be cited to appear and answer herein, and this cause be set for trial, and Plaintiffs recover judgment of and from Defendant for her damages in such amount as the evidence may show and that may be deemed to be proper, together with prejudgment and post-judgment interest, and for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled, and for any and all other relief this Court deems appropriate.

Respectfully Submitted,

*/s/ M. Mitchell Moss*
Mitchell Moss
NM Bar #7477
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
Main: 915.703.7307
Direct: 915.703.7308
Fax: 915.703.7618


*/s/ Samuel I. Kane*
Samuel I. Kane
NM Bar #21790
1018 E. Amador Ave.
Las Cruces, NM 88001
(575) 526-5263
(575) 647-5264 Fax