## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
*Plaintiff,*

v.                                                          **No. 2:19-cv-00588**

**UNITED STATES OF AMERICA**
*Defendant.*

### AMENDED PROOF OF SERVICE

I, Andrew Armijo, declare:

1. I am a citizen of the United States and am over the age of eighteen.  I am not a party to the above-captioned action.  The following facts are within my knowledge and, if called to testify as a witness, I would testify competently thereto.
2. On August 2, 2019, I served true and correct copiers of the Summons on Amended Complaint, Amended Complaint, Proof of service, Civil Case Cover Sheet, Plaintiffs, Original Complaint, and Notice of Assignment to Judge in the above captioned action, via the United States Postal Service, Certified Mail, to the following:

>       United States of America
>       Attn: Civil Process Clerk
>       408 Galisteo St.
>       Villagra Building
>       Santa Fe, NM 87501

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of August 2019, in Las Cruces, NM.


Andrew Armijo
Samuel I. Kane P.A.
1018 E. Amador Ave.
Las Cruces, NM 88001

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Mexico ▼

| | |
|---|---|
| DEBORAH OSBORNE | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 2:19-CV-00588 |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION
On Amended Complaint

To: *(Defendant's name and address)*  United States of America
Attn:  Civil Process Clerk
408 Galisteo St.
Villagra Building
Santa Fe, NM 87501

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

| | |
|---|---|
| Samuel I. Kane, P.A. | Moss Legal Group, PLLC |
| Samuel I. Kane | M. Mitchell Moss |
| NM Bar #21790 | NM Bar #7477 |
| 1018 E. Amador Ave. | 5845 Cromo Dr., Ste. 2 |
| Las Cruces, NM 88001 | El Paso, TX 79912 |
| (575) 526-5273 | (915) 703-7307 |
| sam_kane@yahoo.com | mitch@mosslegalsolutions.com |

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: Thursday, August 01, 2019

Jacob Garcia

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:19-CV-00588

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
          *Plaintiff,*

v.                                         **No. 2:19-cv-00588-CG-GJF**
                                           **Hon. Judge Carmen E. Garza**

**UNITED STATES OF AMERICA**
          *Defendant.*

## PLAINTIFFS' AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Deborah Osborne, by and through counsel of record, Law

Offices of Samuel I. Kane, P.A. (Samuel I. Kane) and Moss Legal Group, PLLC (M. Mitchell

Moss) and for her Amended Complaint hereby states:

### A. PARTIES

1. Plaintiff, Deborah Osborne, an individual, is a citizen of the State of New Mexico residing in
   Otero County, New Mexico.

2. Defendant UNITED STATES OF AMERICA is a governmental entity and may be served with
   process by serving the Attorney General of New Mexico, Hector Balderas, or an assistant
   United States Attorney or a clerical employee designated by the U.S. Attorney to accept service
   at 408 Galisteo Street, Villagra Building, Santa Fe, NM 87501 by registered or certified mail
   addressed to the civil process clerk at the office of the United States Attorney General to
   include a copy of the summons and complaint.  Pursuant to FRCP 5.5.1, Defendant THE
   UNITED STATES OF AMERICA will also be served with process by serving the U.S.
   Attorney General by registered or certified mailed addressed to U.S.  Attorney General,
   Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530 to include
   a copy of the summons and complaint.

## B. **JURISDICTION**

3. This Court has jurisdiction over the lawsuit under Federal Tort Claims Act, 28 USC 2671, et seq. and 28 U.S.C § 1346(b)(1) because this case involves a civil action against the United States and its employee, for money damages, accruing on and after January 1, 1945, for injury, or personal injury or death caused by the negligent or wrongful act or omission of Defendant Gonzales, an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4. Plaintiff previously submitted her claim to Defendants as required by 26 U.S.C. § 2675 and such claim was finally denied from U.S. Customs and Border Protection, Department of Homeland Security, as reflected in correspondence dated May 14, 2019, attached hereto as Exhibit A. Suit has been timely filed.

## C. **VENUE**

5. Venue is proper in this district under 28 U.S.C. § 1402(a)(1) because Plaintiff Deborah Osborne at all material times was a resident of Otero County, New Mexico. Moreover venue is proper under 28 U.S.C. § 1402(b) because all acts and omissions which form the basis of this Original Complaint occurred in Otero County, New Mexico.

## D. **FACTS**

6. This lawsuit results from a vehicle-pedestrian collision that occurred on June 26, 2018, in Alamogordo, Otero County, New Mexico at the intersection of East 10th Street and Oregon Avenue.

7. At the time of the accident Plaintiff Deborah Osborne was walking South on Oregon Avenue at the intersection of Oregon Ave. and 10th Street and she had the right-of-way as she was

walking in a designated crosswalk with flashing indicators. Meanwhile Defendant United States (U.S. Customs and Border Protection, Department of Homeland Security), Agent Luis Gonzales, while in the course and scope of his employment as an employee of Defendant United State of America, was driving a U.S. Border Patrol marked vehicle displaying a DHS license plate number 2706276 travelling East on 10th St. at the Intersection of Oregon Ave. and 10th St.

### E. CAUSE OF ACTION FEDERAL TORT CLAIMS ACT

8. Said collision and Plaintiff's damages were proximately caused by Defendant United States employee's violation of the laws of the State of New Mexico and of the United States of America constituting negligence per se.

9. Defendant United States owed a duty of reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant United States of America and Agent Gonzales in the course and scope of his employment with Defendant United States arising from one or more of the following alternative theories of negligence: Plaintiff asserts the theory of Respondents Superior of Defendant United States.

    a) Failure to keep a proper lookout;

    b) Failure to maintain an assured, clear stopping distance between the vehicle and pedestrian;

    c) Failure to use due care in operating a motor vehicle;

    d) Failure to safely apply brakes to avoid a collision;

    e) Failure to turn to the left or right to avoid a collision;

    f) Failure to warn of his approach;

g) Failure to take proper evasive action;

h) Failure to pay attention;

i) Failure to keep a proper lookout;

j) Other acts of negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was a proximate cause of Plaintiff's damages.

10. Defendant United States' acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstance. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

a) That on June 26, 2018, Defendant United States was negligent by entrusting control and operation of the motor vehicle which was under their ownership and control to Agent Gonzales;

b) Other negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was proximate cause of Plaintiff's damages.

## F. NEGLIGENCE OF AGENT GONZALES

11. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Agent Gonzales:

a) Failure to keep a proper lookout;

b) Failure to maintain an assured, clear stopping distance between the vehicle and pedestrian;

    c)  Failure to use due care in operating a motor vehicle;

    d)  Failure to safely apply brakes to avoid a collision;

    e)  Failure to turn to the left or right to avoid a collision;

    f)  Failure to warn of his approach;

    g)  Failure to take proper evasive action;

    h)  Failure to pay attention;

    i)  Other negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was proximate cause of Plaintiff's damages.

### G.  DAMAGES OF PLAINTIFF

12.  As a result of the occurrence, Plaintiff suffered severe bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

13. As a result of the occurrence, Plaintiff has lost income in the past and has incurred lost future wage earning capacity. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered and will continue to suffer disfigurement. Plaintiff has suffered damages within the jurisdictional limits of this Court.

## H. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Deborah Osborne, prays that Defendant, be cited to appear and answer herein, and this cause be set for trial, and Plaintiffs recover judgment of and from Defendant for her damages in such amount as the evidence may show and that may be deemed to be proper, together with prejudgment and post-judgment interest, and for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled, and for any and all other relief this Court deems appropriate.

Respectfully Submitted,

*/s/ M. Mitchell Moss*
Mitchell Moss
NM Bar #7477
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
Main: 915.703.7307
Direct: 915.703.7308
Fax: 915.703.7618

*/s/ Samuel I. Kane*
Samuel I. Kane
NM Bar #21790
1018 E. Amador Ave.
Las Cruces, NM 88001
(575) 526-5263
(575) 647-5264 Fax

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
*Plaintiff,*

v.                                                           No. 2:19-cv-00588
                                                             **JURY TRIAL DEMANDED**

**LUIS GONZALES,**
**U.S. DEPARTMENT OF HOMELAND**
**SECURITY, U.S. CUSTOMS AND BORDER PROTECTION,**
**AND U.S. BORDER PATROL.**
        *Defendant.*

## PROOF OF SERVICE

I, Andrew Armijo, declare:

1. I am a citizen of the United States and am over the age of eighteen. I am not a party to the above-captioned action. The following facts are within my knowledge and, if called to testify as a witness, I would testify competently thereto.

2. On July 3, 2019, I served true and correct copiers of the Summons with addendum, Civil Case Cover Sheet, Plaintiffs, Original Complaint, and Notice of Assignment to Judge in the above captioned action, via the United States Postal Service, Certified Mail, to the following:

> Luis Javier Gonzales
> 4649 Loma De Indios Ln
> El Paso, TX 79934

> U.S. Department of Homeland Security
> Office of General Counsel
> Mail Stop 0485
> 245 Murray Lane SW
> Washington, DC 20528-0485

> U.S. Customs and Border Protection
> Office of General Counsel
> 1300 Pennsylvania NW
> Washington, DC 20229

> U.S. Border Patrol
> Office of General Counsel
> 1300 Pennsylvania NW
> Washington, DC 20229

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 3rd day of July 2019, in Las Cruces, NM.


Andrew Armijo
Samuel I. Kane P.A.
1018 E. Amador Ave.
Las Cruces, NM 88001

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico   ▼

| | |
|---|---|
| DEBORAH OSBORNE,<br><br>_____<br>*Plaintiff(s)*<br>v.<br>LUIS GONZALES,<br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>U.S. CUSTOMS AND BORDER PROTECTION, AND<br>U.S. BORDER PATROL<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-CV-00588<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   LUIS JAVIER GONZALES
4649 LOMA DE INDIOS LN
EL PASO, TX 79934
(SEE ATTACHED ADDENDUM FOR ADDRESSES OF REMAINING DEFENDANTS)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   SAMUEL I. KANE
NM BAR#21790
1018 E. AMADOR AVE.
LAS CRUCES, NM 88001
(575) 526-5263
sam_kane@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  Thursday, June 27, 2019

D Jacob Garcia
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 19-CV-00588

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title .*

_____
*Server's address*

Additional information regarding attempted service, etc:

Summons – Addendum
Osborne v. Gonzales et. al.
2:19-cv-00588

Defendants' names and Addresses


U.S. Department of Homeland Security
Office of General Counsel
U.S. Department of Homeland Security
Mail Stop 0485
245 Murray Lane SW
Washington, DC 20528-0485


U.S. Customs and Border Protection
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania NW
Washington, DC 20229


U.S. Border Patrol
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania NW
Washington, DC 20229

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
    *Plaintiff,*

v.

**LUIS GONZALES,**
**U.S. DEPARTMENT OF HOMELAND**
**SECURITY, U.S. CUSTOMS AND BORDER PROTECTION,**
**AND U.S. BORDER PATROL.**
    *Defendant.*

**No.**
**JURY TRIAL DEMANDED**

## PLAINTIFFS' ORIGINAL COMPLAINT

    COMES NOW the Plaintiff, Deborah Osborne, by and through counsel of record, Law Offices of Samuel I. Kane, P.A. (Samuel I. Kane) and Moss Legal Group, PLLC (M. Mitchell Moss) and for her Original Complaint hereby states:

### A. PARTIES

1. Plaintiff, Deborah Osborne, an individual, is a citizen of the State of New Mexico residing in Otero County, New Mexico.

2. Defendant, Luis Gonzales, is a citizen of the State of Texas, County of El Paso. At the time of incident which is the subject matter of this case Defendant was an on-duty Border Patrol Officer acting in the course and scope of his duties who may be served with process at 4649 Loma De Indios LN, El Paso, Texas, 79934, or at any other address where he may be found.

3. The Department of Homeland Security (hereinafter "DHS") is a cabinet department of the United States federal government with responsibility for, among other things, control over United States Customs and Border Protection and United States Border Patrol.

4. United States Customs and Border Protection (hereinafter "CBP") is a federal law enforcement agency within DHS.  CBP officers were the supervisors of US Border Patrol as they are a division of CBP.

5. United States Border Patrol (hereinafter "BP") is a security force within CBP.  Border Patrol officers were supervising and in control of Defendant Gonzales at the time of the incident.

## B.  JURISDICTION

6. This Court has jurisdiction over the lawsuit under 28 U.S.C § 1346(b)(1) because this case involves a civil action against the United States and its employee, for money damages, accruing on and after January 1, 1945, for injury, or personal injury or death caused by the negligent or wrongful act or omission of Defendant Gonzales, an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

7. Plaintiff previously submitted her claim to Defendants as required by 26 U.S.C. § 2675 and such claim was finally denied as reflected in correspondence dated May 14, 2019, attached hereto as Exhibit A.  Suit has been timely filed.

## C.  VENUE

8. Venue is proper in this district under 28 U.S.C. § 1402(a)(1) because Plaintiff Deborah Osborne at all material times was a resident of Otero County, New Mexico.  Moreover venue is proper under 28 U.S.C. § 1402(b) because all acts and omissions which form the basis of this Original Complaint occurred in Otero County, New Mexico.

## D.  FACTS

9. This lawsuit results from a vehicle-pedestrian collision that occurred on June 26, 2018, in Alamogordo, Otero County, New Mexico at the intersection of East 10th Street and Oregon Avenue.

10. At the time of the accident Deborah Osborne was walking South on Oregon Avenue at the intersection of Oregon Ave. and 10th Street and she had the right-of-way as she was walking in a designated crosswalk with flashing indicators. Meanwhile Defendant, Luis Gonzales, while in the course and scope of his employment as an employee of the USBP, was driving a USBP marked vehicle displaying a DHS license plate number 2706276 travelling East on 10th St. at the Intersection of Oregon Ave. and 10th St.

### E.   COUNT 1 – NEGLIGENCE

11. At all times relevant to the allegations of this Complaint Defendant Gonzales had a duty to act as a reasonable and prudent driver and exercise reasonable care in the operation of his vehicle. Defendant Gonzales breached this duty and was negligent, such negligence including but not limited to the following:

      a.  Failing to timely apply his brakes;

      b.  Failing to maintain a proper lookout;

      c.  Take evasive action to avoid colliding with a pedestrian;

      d.  Driving his vehicle at an excessive rate of speed under the circumstances;

      e.  Careless driving;

      f.  Failing to yield to a pedestrian with the right of way.

12. As a direct and proximate result of Defendant Gonzales' negligence, Plaintiff suffered injuries and damages, which include, but are not limited to, the following:

  a. Physical pain and mental anguish in the past and future.

  b. Lost earnings.

  c. Lost earning capacity.

  d. Disfigurement.

  e. Physical impairment in the past and future.

  f. Medical expenses in the past and future.

  g. Loss of enjoyment of life.

### F. COUNT 2 – NEGLIGENCE *PER SE*

13. Plaintiff realleges and incorporates all preceding allegations contained in this Complaint as fully set forth herein.

14. At the time of the accident, Agent Gonzales was operating his vehicle in violation of New Mexico statutes and ordinances.  Agent Gonzales was cited for two violations, however, pursuant to New Mexico law he violated other Traffic laws including, but not limited to:

  a. Careless Driving.

  b. Fail to Yield to Pedestrians Right of Way.

  c. Speeding.

  d. Failing to keep a proper lookout.

  e. Due Care Collision.

15. Agent Gonzales' violation of existing statutes and ordinances in effect at the time of the subject accident constitutes negligence *per se* and proximately caused injuries and damages to Deborah Osbourne.

### G. COUNT 3 – RESPONDEAT SUPERIOR

16. Plaintiff realleges and incorporates all preceding allegations contained in this Complaint as fully set forth herein.

17. At all times material to the allegations contained herein Defendant Gonzales was acting in the course and scope of his employment for the United States Border Patrol through US Customs and Border Protection by and through The Department of Homeland Security. Under the doctrine of respondeat superior, The Department of Homeland Security, US Customs and Border Protection, and US Border Patrol are liable for the acts and/or omissions of Defendant Gonzales.

### H. <u>COUNT 4 – NEGLIGENT HIRING, TRAINING, SUPERVISION, and ENTRUSTMENT</u>

18. Department of Homeland Security (DHS), US Customs and Border Protection (CBP) and United States Border Patrol (USBP) were negligent in hiring, training, supervising, and in entrusting a vehicle to Agent Gonzales. DHS, CBP and USBP failed to reasonably qualify Agent Gonzales prior to hiring him; failed to reasonably train Agent Gonzales before allowing him to drive; failed to reasonably supervise Agent Gonzales while operating vehicles; and negligently entrusted Agent Gonzales with a vehicle.

19. DHS, CBP and USBP negligent hiring, training, supervising, and entrustment proximately caused Plaintiff's injuries and damages.

### I. <u>DAMAGES</u>

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages, which include, but are not limited to, the following:

       a.  Physical pain and mental anguish in the past and future.

       b.  Lost earnings.

       c.  Lost earning capacity in the past and future.

  d. Disfigurement in the past and future.

  e. Physical impairment in the past and future.

  f. Medical expenses in the past and future.

  g. Loss of enjoyment of life.

21. Plaintiff also seeks to recover all damages, prejudgment interest, post judgment interest, and court costs.

## J. <u>JURY DEMAND</u>

K. Plaintiff Deborah Osborne hereby requests a trial by jury in connection with this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## L. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Deborah Osborne, pray that Defendants Luis Gonzales, Department of Homeland Security, US Customs and Border Protection, and United States Border Patrol, be cited to appear and answer herein, and this cause be set for trial before a jury, and Plaintiffs recover judgment of and from Defendants for her damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment and post-judgment interest, and for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled, and for any and all other relief this Court deems appropriate.

Respectfully Submitted,

*/s/ M. Mitchell Moss*
Mitchell Moss
NM Bar #7477
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
Main: 915.703.7307
Direct: 915.703.7308
Fax: 915.703.7618


*/s/ Samuel I. Kane*
Samuel I. Kane
NM Bar #21790
1018 E. Amador Ave.
Las Cruces, NM 88001
(575) 526-5263
(575) 647-5264 Fax

Case 2:19-cv-00588-CG-GJF   Document 6   Filed 08/02/19   Page 22 of 36
Case 2:19-cv-00588-CG-GJF   Document 4   Filed 07/03/19   Page 13 of 16
Case 2:19-cv-00588-CG-GJF   Document 2   Filed 06/26/19   Page 1 of 2

JS 44  (Rev. 02/19)                          CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Osborne Deborah | |

**(b)** County of Residence of First Listed Plaintiff  Otero
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Moss Legal Group, PLLC 6565 Cromo Dr., Suite 2 El Paso, TX 79912
915-703-7307
Samuel I. Kane P.A. 1018 E. Amador Ave. Las Cruces, NM 88001

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 2  U.S. Government
    Defendant

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
    Proceeding

☐ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    Another District
    *(specify)*

☐ 6  Multidistrict
    Litigation -
    Transfer

☐ 8  Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Plaintiff was Run Over by Defendant a Border Patrol Agent

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ $1,000,000+ | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions:)*  JUDGE | DOCKET NUMBER |
|---|---|---|

DATE  6-24-19                     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

JS 44 Reverse  (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Full docket text:**

United States Magistrate Judge Carmen E. Garza and United States Magistrate Judge Gregory J. Fouratt assigned. (jg)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/02/2019 08:35:20 | | |
| PACER Login: | sk1581:3184914:0 | Client Code: |
| Description: | History/Documents | Search Criteria: | 2:19-cv-00588-CG-GJF |
| Billable Pages: | 1 | Cost: | 0.10 |

7/2/2019

District Version v6.2.2 LIVE DB-Person Address

**Full docket text for document 3:**
PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Carmen E. Garza to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. **It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint.** *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference. For e-filers, visit our Web site at www.nmd.uscourts.gov for more information and instructions.*
[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] **(jg)**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/02/2019 08:35:36 | | | |
| PACER Login: | sk1581:3184914:0 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 2:19-cv-00588-CG-GJF |
| Billable Pages: | 1 | Cost: | 0.10 |

**Full docket text for document 3:**

PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Carmen E. Garza to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. **It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint.** *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.* For e-filers, visit our Web site at www.nmd.uscourts.gov for more information and instructions.

[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (jg)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2019 14:31:44 | | | |
| **PACER Login:** | sk1581:3184914:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:19-cv-00588-CG-GJF |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**Full docket text:**
United States Magistrate Judge Carmen E. Garza and United States Magistrate Judge Gregory J. Fouratt assigned. (jg)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/02/2019 14:31:54 | | | |
| PACER Login: | sk1581:3184914:0 | Client Code: | |
| Description: | History/Documents | Search Criteria: | 2:19-cv-00588-CG-GJF |
| Billable Pages: | 1 | Cost: | 0.10 |

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Osborne Deborah

**(b)** County of Residence of First Listed Plaintiff    Otero
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Moss Legal Group, PLLC 5845 Cromo Dr., Suite 2 El Paso, TX 79912
915-703-7307
Samuel I. Kane P.A. 1018 E. Amador Ave. Las Cruces, NM 88001

## DEFENDANTS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | | | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Plaintiff was Run Over by Defendant a Border Patrol Agent

## VII. REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1,000,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
6-24-19

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DEBORAH OSBORNE,**
     *Plaintiff,*

v.                                        **No.**
                                              **JURY TRIAL DEMANDED**

**LUIS GONZALES,**
**U.S. DEPARTMENT OF HOMELAND**
**SECURITY, U.S. CUSTOMS AND BORDER PROTECTION,**
**AND U.S. BORDER PATROL.**
     *Defendant.*

### PLAINTIFFS' ORIGINAL COMPLAINT

     **COMES NOW** the Plaintiff, Deborah Osborne, by and through counsel of record, Law

Offices of Samuel I. Kane, P.A. (Samuel I. Kane) and Moss Legal Group, PLLC (M. Mitchell

Moss) and for her Original Complaint hereby states:

### A. PARTIES

1.  Plaintiff, Deborah Osborne, an individual, is a citizen of the State of New Mexico residing in

     Otero County, New Mexico.

2.  Defendant, Luis Gonzales, is a citizen of the State of Texas, County of El Paso.  At the time of

     incident which is the subject matter of this case Defendant was an on-duty Border Patrol

     Officer acting in the course and scope of his duties who may be served with process at 4649

     Loma De Indios LN, El Paso, Texas, 79934, or at any other address where he may be found.

3.  The Department of Homeland Security (hereinafter "DHS") is a cabinet department of the

     United States federal government with responsibility for, among other things, control over

     United States Customs and Border Protection and United States Border Patrol.

4. United States Customs and Border Protection (hereinafter "CBP") is a federal law enforcement agency within DHS. CBP officers were the supervisors of US Border Patrol as they are a division of CBP.

5. United States Border Patrol (hereinafter "BP") is a security force within CBP. Border Patrol officers were supervising and in control of Defendant Gonzales at the time of the incident.

## B. JURISDICTION

6. This Court has jurisdiction over the lawsuit under 28 U.S.C § 1346(b)(1) because this case involves a civil action against the United States and its employee, for money damages, accruing on and after January 1, 1945, for injury, or personal injury or death caused by the negligent or wrongful act or omission of Defendant Gonzales, an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

7. Plaintiff previously submitted her claim to Defendants as required by 26 U.S.C. § 2675 and such claim was finally denied as reflected in correspondence dated May 14, 2019, attached hereto as Exhibit A. Suit has been timely filed.

## C. VENUE

8. Venue is proper in this district under 28 U.S.C. § 1402(a)(1) because Plaintiff Deborah Osborne at all material times was a resident of Otero County, New Mexico. Moreover venue is proper under 28 U.S.C. § 1402(b) because all acts and omissions which form the basis of this Original Complaint occurred in Otero County, New Mexico.

## D. FACTS

9. This lawsuit results from a vehicle-pedestrian collision that occurred on June 26, 2018, in Alamogordo, Otero County, New Mexico at the intersection of East 10th Street and Oregon Avenue.

10. At the time of the accident Deborah Osborne was walking South on Oregon Avenue at the intersection of Oregon Ave. and 10th Street and she had the right-of-way as she was walking in a designated crosswalk with flashing indicators.  Meanwhile Defendant, Luis Gonzales, while in the course and scope of his employment as an employee of the USBP, was driving a USBP marked vehicle displaying a DHS license plate number 2706276 travelling East on 10th St. at the Intersection of Oregon Ave. and 10th St.

### E.  COUNT 1 - NEGLIGENCE

11. At all times relevant to the allegations of this Complaint Defendant Gonzales had a duty to act as a reasonable and prudent driver and exercise reasonable care in the operation of his vehicle. Defendant Gonzales breached this duty and was negligent, such negligence including but not limited to the following:

        a.  Failing to timely apply his brakes;

        b.  Failing to maintain a proper lookout;

        c.  Take evasive action to avoid colliding with a pedestrian;

        d.  Driving his vehicle at an excessive rate of speed under the circumstances;

        e.  Careless driving;

        f.  Failing to yield to a pedestrian with the right of way.

12. As a direct and proximate result of Defendant Gonzales' negligence, Plaintiff suffered injuries and damages, which include, but are not limited to, the following:

    a.  Physical pain and mental anguish in the past and future.

    b.  Lost earnings.

    c.  Lost earning capacity.

    d.  Disfigurement.

    e.  Physical impairment in the past and future.

    f.  Medical expenses in the past and future.

    g.  Loss of enjoyment of life.

### F.  COUNT 2 – NEGLIGENCE *PER SE*

13. Plaintiff realleges and incorporates all preceding allegations contained in this Complaint as fully set forth herein.

14. At the time of the accident, Agent Gonzales was operating his vehicle in violation of New Mexico statutes and ordinances.  Agent Gonzales was cited for two violations, however, pursuant to New Mexico law he violated other Traffic laws including, but not limited to:

    a.  Careless Driving.

    b.  Fail to Yield to Pedestrians Right of Way.

    c.  Speeding.

    d.  Failing to keep a proper lookout.

    e.  Due Care Collision.

15. Agent Gonzales' violation of existing statutes and ordinances in effect at the time of the subject accident constitutes negligence *per se* and proximately caused injuries and damages to Deborah Osbourne.

### G.  COUNT 3 – RESPONDEAT SUPERIOR

16. Plaintiff realleges and incorporates all preceding allegations contained in this Complaint as fully set forth herein.

17. At all times material to the allegations contained herein Defendant Gonzales was acting in the course and scope of his employment for the United States Border Patrol through US Customs and Border Protection by and through The Department of Homeland Security.  Under the doctrine of respondeat superior, The Department of Homeland Security, US Customs and Border Protection, and US Border Patrol are liable for the acts and/or omissions of Defendant Gonzales.

## H.  COUNT 4 – NEGLIGENT HIRING, TRAINING, SUPERVISION, and ENTRUSTMENT

18. Department of Homeland Security (DHS), US Customs and Border Protection (CBP) and United States Border Patrol (USBP) were negligent in hiring, training, supervising, and in entrusting a vehicle to Agent Gonzales.  DHS, CBP and USBP failed to reasonably qualify Agent Gonzales prior to hiring him; failed to reasonably train Agent Gonzales before allowing him to drive; failed to reasonably supervise Agent Gonzales while operating vehicles; and negligently entrusted Agent Gonzales with a vehicle.

19. DHS, CBP and USBP negligent hiring, training, supervising, and entrustment proximately caused Plaintiff's injuries and damages.

## I.  DAMAGES

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages, which include, but are not limited to, the following:

      a.   Physical pain and mental anguish in the past and future.

      b.   Lost earnings.

      c.   Lost earning capacity in the past and future.

  d. Disfigurement in the past and future.

  e. Physical impairment in the past and future.

  f. Medical expenses in the past and future.

  g. Loss of enjoyment of life.

21. Plaintiff also seeks to recover all damages, prejudgment interest, post judgment interest, and court costs.

### J. JURY DEMAND

K. Plaintiff Deborah Osborne hereby requests a trial by jury in connection with this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### L. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Deborah Osborne, pray that Defendants Luis Gonzales, Department of Homeland Security, US Customs and Border Protection, and United States Border Patrol, be cited to appear and answer herein, and this cause be set for trial before a jury, and Plaintiffs recover judgment of and from Defendants for her damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment and post-judgment interest, and for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled, and for any and all other relief this Court deems appropriate.

Respectfully Submitted,

*/s/ M. Mitchell Moss*
Mitchell Moss
NM Bar #7477
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
Main: 915.703.7307
Direct: 915.703.7308
Fax: 915.703.7618


*/s/ Samuel I. Kane*
Samuel I. Kane
NM Bar #21790
1018 E. Amador Ave.
Las Cruces, NM 88001
(575) 526-5263
(575) 647-5264 Fax